# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE OZUNA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>HOME CAPITAL FUNDING; SAN DIEGO COUNTY REAL ESTATE SERVICES; COUNTRYWIDE HOME LOANS; and all other claimants of whatsoever kind and character against real property commonly known as 4342 Highland Avenue, #3 San Diego, CA 92115; and DOES 1 through 100 inclusive,<br><br>　　　　　　Defendants. | CASE NO. 08cv2367 - IEG - AJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTRYWIDE'S MOTION TO DISMISS<br><br>[Doc. No. 14.] |

Presently before the Court is defendant Countrywide Home Loans's ("Countrywide") motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 14.) For the reasons stated herein, the Court GRANTS IN PART AND DENIES IN PART Countrywide's motion.

**BACKGROUND**

Plaintiff Jose Ozuna ("Plaintiff") is the owner of 4342 Highland Avenue, #3, San Diego, California 92115 (the "Property"). On January 5, 2006, Plaintiff obtained a loan from defendant Home Capital Funding ("Home Capital"), secured by the Property. Defendant San Diego Real Estate Services ("Real Estate Services") acted as the broker for the loan.

During the issuance of the loan, Home Capital and Real Estate Services allegedly violated both federal and state laws. First, Home Capital and Real Estate Services allegedly misrepresented the interest rate and the material terms of the loan. Second, Home Capital and Real Estate Services

allegedly failed to disclose, among other things, Plaintiff's right to cancel. Third, Plaintiff claims the terms of the loan could not be reasonably understood by the average consumer. Subsequently, Countrywide allegedly acquired Home Capital's interest in the loan and is currently the loan's servicer.

Plaintiff's complaint contains seven causes of action: (1) violation of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605, et seq; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; (3) violation of California Civil Code § 1632; (4) negligent misrepresentation; (5) rescission under TILA; (6) unjust enrichment; and (7) quiet title. Countrywide filed its motion to dismiss on May 19, 2008. Plaintiff filed an opposition and Countrywide replied. The Court finds this motion amenable to disposition without oral argument. Local Civil Rule 7.1(d).

## LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court's review is limited to the contents of the complaint and it must accept all factual allegations pled in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Notwithstanding this deference, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court need not credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

**I.    RESPA Violations**

i.    Parties' Arguments

Plaintiff alleges Countrywide violated RESPA in two ways: (1) by failing to adequately respond to his Qualified Written Requests ("QWRs") and (2) by failing to provide certain disclosures

1 at the loan's origination.[1] (Compl. ¶¶ 26-29).

2 Countrywide urges the Court dismiss the first portion of the claim because the Complaint cannot function as a QWR. Further, Countrywide requests dismissal of the remaining RESPA claim because these alleged violations occurred at the loan's origination, prior to Countrywide's acquisition of assignee rights. Plaintiff claims he sent multiple QWRs and has properly alleged Countrywide was part of the loan origination.

ii.   Analysis

The first issue is whether the Court should dismiss the portion of the RESPA claim premised on Countrywide's alleged failure to respond to Plaintiff's QWRs. A "QWR" is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that– [¶] (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [¶] (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a QWR, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. See 12 U.S.C. § 2605(e)(2).

Regardless of whether the complaint can function as a QWR, the first part of the RESPA claim is not subject to dismissal. Plaintiff alleges he sent "qualified written *requests*" to Countrywide. (Compl. ¶ 28) (emphasis added). The use of the plural "requests" indicates Plaintiff has sent other QWRs in addition to the Complaint. Countrywide's alleged failure to respond to these other QWRs constitutes a RESPA violation. 12 U.S.C. § 2605(e). Although Plaintiff's claim is not artfully pled, the allegation that Countrywide failed to respond to these other QWRs is sufficient to withstand a 12(b)(6) motion.

---

[1] Specifically, Plaintiff alleges Defendants committed the following RESPA violations at the origination of the loan: "a. There is a Note, a Deed and a set of Closing Instructions, all confusing, inconsistent and incomprehensible to the borrowers; b. The TILA Itemization lists many [sic] extraneous and excessive settlement charges; c. An Estimated Settlement was also prepared but not provided prior to the closing, instead it was dated the day after the aforementioned docs were executed." (Compl. ¶ 29.)

1    The second issue is whether Countrywide can be held liable for any other alleged RESPA
2 violations. The section of RESPA at issue, 12 U.S.C. § 2605, provides a private cause of action if the
3 lender fails to: (1) disclose whether the loan may be assigned, sold or transferred; (2) notify a
4 borrower in writing of any assignment sale, or transfer; (3) notify the borrower of any assignment,
5 sale, or transfer of the loan servicing; (4) handle funds during a transfer appropriately; or (5) respond
6 to borrower inquiries. Plaintiff, after invoking the protection of section 2605, fails to make any
7 allegations to support a claim aside from his QWR claims. Therefore, the Court dismisses without
8 prejudice the remainder of the RESPA claim as to Countrywide.

9 **II.    TILA**

10 i.    Parties' Arguments

11    Plaintiff alleges Countrywide violated 15 U.S.C. § 1635(a) and Regulation Z (12 C.F.R. §
12 226.23) by failing to provide adequate notice of Plaintiff's right to cancel the loan transaction and by
13 failing to make other material disclosures at the time of the loan's origination. (Compl. ¶¶ 33-34.)
14 Based on these violations, Plaintiff requests the Court rescind the loan. (Compl. ¶¶ 44-48.)

15    Countrywide makes a two fold argument. First, it argues it cannot be held liable for the TILA
16 violation because, as an assignee, it is only liable for violations apparent on the face of the documents.
17 Second, Countrywide argues Plaintiff's failure to allege an ability to tender is fatal to his TILA claim.

18 ii.    Analysis

19    Civil liability under TILA applies to creditors. See 15 U.S.C. § 1640(a). Section 1641
20 extends liability to the assignee of a creditor "if the violation for which such action or proceeding is
21 brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). "[A] violation
22 apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which
23 can be determined to be incomplete or inaccurate from the face of the disclosure statement or other
24 documents assigned, or (2) a disclosure which does not use the terms required to be used by this
25 subchapter." 15 U.S.C.A. § 1641(a).

26    Here, Plaintiff alleges the loan documents failed to make a variety of disclosure required by
27 TILA (Compl. ¶ 33.) Specifically, Plaintiff alleges the closing documents failed to: correctly identify
28 the transaction, clearly disclose Plaintiff's right to rescind, disclose the effects of rescission, and

disclose the date the rescission period expired. Id. The failure to include these required disclosures would be apparent on the face of the disclosure statement. Accordingly, Plaintiff has pled sufficient facts to state a claim for TILA assignee liability.

The second issue is whether Plaintiff's failure to allege tender is fatal to his TILA rescission claim. In general, TILA does not require tender prior to rescission:

> "[15 U.S.C. 1635(b)] adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property."

Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003). However, under Yamamoto, a district court has discretion to alter the rescission-tender chronology. Id. at 1171.

At this procedural juncture, the Court declines to alter the rescission-tender chronology because, at the pleading stage, TILA does not require tender as a prima facie element of a rescission claim. Therefore, the Court denies Countrywide's motion to dismiss Plaintiff's TILA claims.

**III.    Violation of Cal. Civ. Code § 1632 *et seq.***

i.    Parties' Argument

Plaintiff alleges Countrywide violated Cal. Civ. Code § 1632 *et seq*. by failing to provide him with documents and disclosures in Spanish, the language in which the parties allegedly negotiated the loan agreement. (Compl. ¶¶ 36-39.) Countrywide argues § 1632 is inapplicable because the loan was secured by real property.

ii.    Analysis

When negotiations occur primarily in Spanish, § 1632 governs when a written Spanish translation must be provided. Cal. Civ. Code § 1632(b) (2008). Generally, § 1632 does not require disclosure of Spanish language documents where a loan is secured by real property. Cal. Civ. Code § 1632(b)(2). However, § 1632(b)(4) contains an exception, which requires a Spanish translation if the "loan or extension of credit is for use primarily for personal, family or household purposes. . . ." Cal. Civ. Code § 1632(b)(4).

In this case, Plaintiff's loan is secured by real property and, therefore, generally not subject to the Spanish translation requirement. The only issue is whether Plaintiff's loan falls within the

§1632(b)(4) exception. Plaintiff fails to indicate whether the loan was used for "primarily personal, family or household purposes" and none of the alleged facts compels the Court to infer the loan's use. Therefore, based on the facts alleged, Countrywide did not need to provide Spanish language documents because the loan is secured by real property and does not fall within the exception. The Court DISMISSES Plaintiff's section 1632 claim without prejudice.

**IV.      Negligent Misrepresentation**

i.        Parties' Arguments

Plaintiff alleges, to the extent any misrepresentation was not intentional, all Defendants are liable for misrepresentation. Countrywide argues Plaintiff's negligent misrepresentation claim fails because Plaintiff's claim does not meet the specificity requirement of Fed. R. Civ. P. 9(b).

ii.       Analysis

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. of Civ. P. 9(b) (2009). Negligent misrepresentation must also be pled with specificity. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("[B]oth claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). The particularity requirement requires the pleading to "identif[y] the circumstances constituting the fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). "Under Rule 9(b), where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987).

Here, Plaintiff did not plead the alleged negligent misrepresentations with sufficient specificity. In the complaint, Plaintiff uses the generic term "Defendants" throughout the negligent misrepresentation claim. Not once does Plaintiff identify any of the Defendants individually or identify their individual participation in the fraud. Instead, Plaintiff relies on general accusations that all Defendants participated in all aspects of the fraud. This is insufficient under Rule 9(b)'s standard. Accordingly, the Court grants Countrywide's motion to dismiss without prejudice.

**V.      Unjust Enrichment**

The elements of an unjust enrichment claim are the "receipt of benefit and [the] unjust retention of the benefit at the expense of others." Lectrodryer v. SeoulBank, 77 Cal.App.4th 723, 726 (Cal. Ct. App. 2000).  Here, Plaintiff has not pled that Countrywide received a benefit, or that it retained that benefit at Plaintiff's expense.  The Court dismisses Plaintiff's unjust enrichment claim against Countrywide without prejudice.

**VI.     Quite Title**

A complaint to quiet title must be verified.  Cal. Civ. Proc. Code § 761.020.  Because Plaintiff has not verified his complaint, the Court dismisses Plaintiff's quiet title claim without prejudice

**CONCLUSION**

For the foregoing reasons, the Court:

(1)   DENIES Countrywide's motion with regard to the RESPA claim concerning the QWRs, but DISMISSES WITHOUT PREJUDICE the remaining RESPA claim against Countrywide;

(2)   DENIES Countywide's motion with regard to Plaintiff's TILA and TILA rescission claim;

(3)   DISMISSES WITHOUT PREJUDICE Plaintiff's California Code § 1632 claim against Countrywide;

(4)   DISMISSES WITHOUT PREJUDICE Plaintiff's negligent misrepresentation claim against Countrywide;

(5)   DISMISSES WITHOUT PREJUDICE Plaintiff's unjust enrichment claim against Countrywide;

(6)   DISMISSES WITHOUT PREJUDICE Plaintiff's quiet title claim against Countrywide.

Within 20 days, Plaintiff may amend the complaint to cure the deficiencies set forth above.

**IT IS SO ORDERED.**

**DATED: August 13, 2009**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**